IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LUTHER D. ABEL, } | |
| } | |
|     Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 04-AR-3180-M |
| } | |
| WALLACE MONTGOMERY, et al., } | |
| } | |
|     Defendants. } | |

**MEMORANDUM OPINION**

Plaintiff, Luther D. Abel ("Abel"), has filed a motion to remand the above-styled case that he brought against Wallace Montgomery, et al. in the Circuit Court of Etowah County, Alabama, from which it was removed by defendants upon their assertion of federal question jurisdiction based on 28 U.S.C. § 1331. Plaintiff had included an allegation of violation of the Fair Credit Reporting Act, a federal statute. Abel's motion to remand was filed within the thirty (30) days provided by 28 U.S.C. § 1447(c) for pointing out procedural defects in the removal. The motion came under submission after this court's motion docket on December 10, 2004.

Abel's motion is admittedly inartful. It fails to point specifically to either of two fatal defects found by the court in the removal procedure. First, defendants, although submitting to the Clerk their purported notice of removal within the thirty (30) day period for removal under 28 U.S.C. § 1446(b), did not pay the filing fee until several days after the time for removal had

expired, thus creating a real question about the timeliness of the removal.  An even clearer procedural defect is defendants' failure to include a copy of the summons in their notice of removal, as expressly required by U.S.C. § 1446(a), which refers to "a copy of all process".

It goes without saying that there is a strong presumption against removability.  This presumption arises from the fact that this court is a court of limited jurisdiction.  In the federal system, carefully crafted by the Founding Fathers, the state courts are the courts of general jurisdiction.  A careful examination of this court's removal jurisdiction is therefore always called for.  The court will assume for the purposes of this opinion that the two defects pointed out above are procedural and do not destroy subject-matter jurisdiction, an issue that should be recognized by the court and must be dealt with even if a motion to remand is not filed.

Although the Eleventh Circuit held in *Whole Health Chiropractic v. Humana Medial Plan*, 254 F. 3d 1317 (11th Cir. 2001), that "*sua sponte* remand orders made more than thirty (30) days after removal are reviewable" (254 F. 3d 1319), the reasoning upon which this conclusion is based is that a plaintiff can waive a procedural defect (in contrast to a substantive defect) and can thus join the removing defendant in conferring jurisdiction on the federal court if plaintiff chooses to do so.  In *Whole Health*, the

trial court had entered a remand order "without waiting for a party's motion" (254 F. 3d 1321).  In the instant case, however, Abel has clearly let it be known by his timely motion to remand (**necessary only if he intends to complain of procedural defects**) that he wishes to return to the state court where he filed his complaint.  Even though Abel has not pointed to procedural defects found by the court, the defects are available to him **because he timely filed a motion to remand**.  This is consistent with the very recent holding of the Eleventh Circuit in *Williams v. AFC Enterprises, Inc.*, 2004 W.L. 2480743, ____ F. 3d ____ (Nov. 5, 2004).  There the Eleventh Circuit said:

> As in *Arial Drug*, we need only decide that a remand order based upon lack of removal jurisdiction, entered in response to a timely motion to remand, is based upon either a lack of "subject-matter jurisdiction" or a "defect" and therefore is one contemplated by § 1447(c).

The question of whether the failure to pay the filing fee within the thirty (30) day period for removal renders the removal not timely has not been addressed by the Eleventh Circuit.  However, this court is persuaded by what the Seventh Circuit said in *City of Jeffersonville v. Wright*, 21 F. 3d 430 (7th Cir. 1994), in which that court held that a district court's decision to remand *sua sponte* on the ground that the removal was untimely because it was not accompanied by the requisite filing fee was not reviewable.  This court need not go as far as the Seventh Circuit went because in the instant case the remand order will not be *sua sponte*.  Also,

3

the Northern District of Illinois has very recently held that an action is not deemed "filed" until the fee is received. *See Humphries v. CBOCS West, Inc.*, 2004 W.L. 2472252 (N.D. Ill. 2004). These decisions make sense. Otherwise, a removing defendant could wait to pay its filing fee until the absence of the fee is brought to its attention, no matter how long the period of non-payment may last.

    Because Abel has timely filed a motion to remand his case, and because the above-noted procedural defects are fatal, and because the time for correcting the defects has expired, the remand order that the court will separately enter is not violative of *Whole Health*. It is no more than a fair response to plaintiff's inartful motion that necessarily seeks to take advantage of defendants' procedural shortcomings.

    DONE this 13th day of December, 2004.

                                            _____
                                            WILLIAM M. ACKER, JR.
                                            UNITED STATES DISTRICT JUDGE